ROBERT A. CHAISSON, Judge.
| ¡Plaintiff, Rebecca Pouncy, appeals from a trial court judgment that granted summary judgment in favor of defendant, Winn-Dixie Montgomery, LLC (“Winn-Dixie”). Ms. Pouncy also seeks review of the trial court’s denial of her motion to compel more complete discovery responses. For the reasons that follow, we affirm the rulings of the trial court.

FACTS AND PROCEDURAL HISTORY

On May 23, 2013, Ms. Pouncy filed a petition for damages against WinnDixie Louisiana, Inc.,[1] for injuries that she allegedly sustained in a slip and fall accident at a Metairie store. In her petition, Ms. Pouncy specifically alleged that on or about March 20, 2013, while shopping at a Metairie Winn-Dixie, she fell “while entering the' store on standing water on the floor.” She maintained that her injuries were caused by the negligent acts of Winn-Dixie and its employees in that they “did not place adequate mats out during a rain storm and did not warn customers or prevent the floor from becoming very slippery.” On July 11, 2013, Winn-Dixie answered the petition and denied the allegations.
|aOn December 18, 2013, subsequent to the deposition of Ms. Pouncy, WinnDixie filed a motion for summary judgment seeking dismissal of her claims with prejudice. In the motion, Winn-Dixie represented that there is no genuine issue of material fact and that it is entitled to summary judgment on liability as a matter of law on the basis that Ms. Pouncy could not meet her burden of proof as set forth in La. R.S. 9:2800,6. Winn-Dixie specifically asserted that Ms. Pouncy could not produce evidence to prove the existence of an unreasonably dangerous condition in the store or that Winn-Dixie had actual or constructive notice of an unreasonably dangerous condition. As support for this argument, Winn-Dixie pointed to Ms. Pouncy’s deposition testimony that she had “no idea” what caused her to fall and that she did not see any substance on the ground.
Ms. Pouncy thereafter filed an opposition to Winn-Dixie’s motion for summary judgment asserting that because she is not aware of all the technical reasons why a floor is dangerously slick, the court should avoid a decision solely on the basis of her deposition testimony. In addition, Ms. Pouncy filed a motion to compel more complete discovery responses. Following a hearing, the trial court, on April 2, 2014, granted Winn-Dixie’s motion for summary judgment and denied |4Ms. Pouncy’s motion to compel more complete discovery answers. On April 18, 2014, Ms. Pouncy filed a motion for reconsideration of summary judgment and motion to compel, which was set for hearing on July 1, 2014.
*605 On May 7, 2014, Ms. Pouncy filed a motion for appeal which was granted by the trial court. On September 24, 2014, this Court dismissed- Ms. Pouncy’s appeal on jurisdictional grounds, noting that the trial court had not yet ruled on her motion for reconsideration that was filed prior to the order granting the appeal. On December 16, 2014, after considering arguments of counsel, the trial court denied Ms. Poun-cy’s motion for reconsideration of summary judgment and motion to compel. Ms. Pouncy now appeals.'
In her appellate brief, Ms. Pouncy contends that the trial court erred in granting Winn-Dixie’s motion for summary judgment because there were clearly genuine issues of material fact regarding the presence of water on the floor and Winn-Dixie’s constructive notice of the water. Further, Ms.’ Pouncy" asserts that the trial court erred in denying her'the opportunity for adequate discovery prior to ruling on the motion for summary' judgment. For the reasons that follow, wé find no merit to these arguments.

DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial ■ when .there is no-genuine issue of material fact. Bell v. Parry, 10-369 (La.App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. ■ An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Anny v. Babin, 12-164 (La.App. 5 Cir. 7/31/12), 99 So.3d 702, 705, writ denied, 12-1972 (La.12/14/12), 104 So.3d 441.
| KUnder La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The nonmoving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Babino v. Jefferson Transit, 12-468 (La.App. 5 Cir. 2/21/13), 110 So.3d 1123, 1125.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is . appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La.App. 5 Cir. 11/29/11), 78 So.3d 849, 852.
Ms. Pouncy’s claim for damages is governed by La. R.S. 9:2800.6, which provides, in part, as follows:
*606 A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passage- • ways-, and floors' in a reasonably safe . condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to. damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
1 n(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(8) The merchant failed to exercise reasonable care. In' determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, aloné, to prove failure to exercise reasonable care.
In order to recover damages for injuries sustained in a slip and fall accident, the plaintiff has the burden of proving all three of the requirements of La. R.S. 9:2800.6(B), and the failure to prove any requirement is fatal to the cause of action. Alonzo v. Safari Car Wash, Inc., 11-111 (La.App. 5 Cir. 9/27/11), 75 So.3d 509, 511; Where a claimant is relying upon constructive notice under La. R.S. 9:2800,6(B)(2), the claimant must com© forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient'to place the merchant defendant on notice of its existence. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1082; Glass v. Home Depot U.S.A., Inc., 10-53 (La.App. 5 car. 9/28/10), 50 So.3d 832, 835.
In the present case, the trial court granted summary judgment in favor of Winn-Dixie, finding that no genuine issues of material fact exist and that plaintiff will be unable to meet her burden of proof to establish Winn-Dixie’s liability pursuant to La. R.S. 9:2800.6. Our de novo review of this matter leads us to the same conclusion'. '
In its motion for summary judgment, Winn-Dixie argued that Ms, Pouncy could not prove either the existence of an unreasonably dangerous condition in the store or that Winn-Dixie had actual or constructive notice of an unreasonably dangerous condition. Winn-Dixie maintained that this absence of proof is clearly evidenced by Ms. Pouncy’s deposition testimony.
|7In her deposition, Ms. Pouncy stated that she had “no idea” what caused her to fall down and further relayed that she did not see any substance on the ground. When1 Ms. Pouncy was asked whether the floor was wet, she replied, “when I hit the floor- it felt cold and damp. As far as seeing like a puddle of water or something, no, I didn’t,... I do not remember seeing a liquid of any standing type or a color at all.” -Ms. Pouncy further recalled that although her clothes felt damp and cold, they were not wet after the incident. She acknowledged that she had just walked through the mist without an umbrella and that the dampness on her clothes could have been from the mist. Her deposition testimony proceeded as follows:
Q. If'there was something on the ground that caused you to fall down, do you have any idea how it got there?
*607 A. No.
Q. If there was something on the ground, do you have any idea how long it had been there before your fall?
A. No.
Q. If there was a substance on the ground, do you have any information to suggest that an employee put it there?
A. No.
Q. If "there was a Substance on the ground, do you have any information to' suggest that any employees knew that it was on the ground—
A. No.
Q. — before your fall?
A. No.
Ms. Pouncy further asserted that she did not see any mop buckets in the area after her fall, but she did see a green wet' floor sign “right at the entrance of the door.” She explained that the sign is “always there” and that every time she goes into the store, the sign'is in the same spot. Ms. Pouncy stated that' she does not Isknow “if that’s where they store it, but it’s always in that comer next to some stuff that’s there. And it was there that day.”
In light of this evidence, wé find that Winn-Dixie has shown the absence of factual support for two essential elements‘Of Ms. Pouncy’s claim. Specifically, ‘ Ms. Pouncy’s deposition testimony evidences the lack of factual support to show the existence of an unreasonably dangerous condition or Winn-Dixie’s actual Or constructive notice of the unreasonably dangerous condition. Ms. Pouncy’s deposition testimony is clear that she did not see any substance on the ground and further that if there was a substance on the ground, she had no knowledge' how it ,got there, how long it had been there, or whether any employees knew that.it was on the ground.
Having found that Winn-Dixie showed the absence of factual support for these essential - elements, the burden thereafter shifted to Ms. Pouncy. We And that, she failed to produce factual support to establish that she will be able to satisfy her evidentiary burden .of proof at trial. In her appellate brief, Ms. Pouncy contends that her deposition testimony creates a genuine issue of material fact as to whether there was water, on the floor where she slipped and fell. She specifically points to her testimony that her clothes felt damp when she got up.
A similar argument was rejected by this Court in Alonzo v. Safari Car Wash, Inc., supra. In that case, George Alonad, a customer at Safari Car Wash, and his wife, Lisa Alonzo, filed a petition for damages against the car wash for injuries sustained by Mr. Alonzo when he allegedly fell in á puddle of water outside the customer restroom. The' defendant thereafter moved for summary judgment on the basis that the plaintiffs were unable to meet the requirement of La. R.S. 9:2800.6(B)(1) to prove the existence of a condition which created an unreasonable risk of harm. As support for its summary judgment motion, the defendant relied on the 1 ¡deposition testimony of Mr. Alonzo, who, when asked what caused him- to slip, stated as follows: “I guess the floor was damp. : I didn’t really see it, because I-you know, I wasn’t looking down when I walk.” Mr. Alonzo further stated that he assumed the floor was wet, but that he did, not look on the floor after the fall to see what , he would have slipped on. In opposition to the motion for summary judgment, the plaintiffs submitted medical evidence that Mr. Alonzo was taking pain medicine on the date of his deposition testimony and also submitted- Mr. Alonzo’s-■ affidavit, in which he attested that after he fell, he noticed that his clothing was wet. - The .-plaintiffs argued that this circumstantial evidence was sufficient to establish the existence of a *608 hazardous condition. The trial court disagreed with the plaintiffs’ argument and' granted summary judgment in favor of the defendant..
On appeal, this Court affirmed the trial court’s granting of summary judgment in favor of the defendant on the basis that the plaintiffs failed to establish the existence of a condition on the premises which presented an unreasonable risk of harm. In so ruling, this Court noted:
The record in this case indicates that George Alonzo testified that he was unable to identify the condition of the floor in..defendant’s premises on the date of the fall. Although plaintiffs cite to circumstantial evidence to overcome their burden of proof, we fail to find that plaintiffs’ claim that the floor must have been wet to be sufficient to meet plaintiffs’ burden. of proof in this matter.
Alonzo v. Safari Car Wash, Inc., 75 So.3d at 512.
Likewise, in the present case, we find that Ms. Pouncy’s deposition testimony that her clothes were damp is insufficient to - establish that she would -be able to satisfy her evidentiary burden at trial to prove the existence of a condition that presented an unreasonable risk of harm. In addition, we find that Ms. Pouncy | ^failed to produce factual support to establish that she will be able to prove the element of constructive notice at trial.
With regard to constructive notice, Ms. Pouncy .contends that the trial court’s statement in its-reasons for judgment that “plaintiff has no evidence ... that any employees knew there was substance on the ground prior, to the incident,” ignores her deposition testimony that Winn-Dixie had a green wet floor sign at the entrance to the store. Ms. Pouncy asserts that this testimony regarding the placement of the wet floor-sign creates a genuine issue of material fact as to whether Winn-Dixie had constructive notice that there was wa ter on the floor. We disagree.
Ms. Pouncy’s deposition testimony indicated that the green wet floor sign was “right at the entrance of the door,” that the sign was “always there,” and that every time she went into the store, the sign was -in the same spot. Ms. Pouncy stated that she did not know “if that’s where they store it, but it’s, always-in that comer next to some stuff that’s there.” Further, her deposition testimony is clear that if there was a substance on the ground, she had no knowledge how it got there, how long it had been there, or whether any employees knew that it was on the ground.
For these reasons, we find that Winn-Dixie established a lack of factual support for essential elements of Ms. Pouncy’s claim, and thereafter, Ms. Pouncy failed to establish that she would be able to satisfy her evidentiary burden of proof at trial. Therefore, summary judgment in favor of Winn-Dixie.was appropriately granted.
On appeal, Ms. Pouncy also contends that the trial court erred in not continuing the hearing on Winn-Dixie’s motion for summary judgment and by not requiring Winn-Dixie to fully respond to her discovery requests. She asserts that Winn-Dixie’s failure to properly respond to her discovery requests about the type Inof flooring in the store and the maintenance procedures used on the floor hampered her ability to- hire an expert, who was knowledgeable about floor chemistry and coefficient of friction, in order to adequately present her .theory that the floor was unnecessarily slippery when damp and wet and unreasonably dangerous to an unsuspecting customer. We find no merit to these arguments.
A defendant’s motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The trial court *609 has the -discretion to render summary judgment, if appropriate, or to- allow further discovery. The parties must be given the opportunity to conduct “adequate discovery” to present their claims. La. C.C.P. art. 966(C)(1). Sibert v. National Oilwell Varco, L.P., 48,789 (La.App. 2 Cir. 2/26/14), 136 So.3d 283, 291-92. However, there is no absolute right to delay .action on a motion for summary.judgment until discovery is complete. Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 7/31/12), 99 So.3d 696, 702. The mere contention of an opponent, that he lacks sufficient information to defend a summaiy judgment motion and that he needs additional time to conduct discovery, is insufficient to defeat the motion. Williams v. A Day to Remember Invitations, L.L.C., 06-757 (La.App. 5 Cir. 3/13/07), 956 So.2d 30, 33. The only-requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Johnson v. Littleton, 45,323 (La.App. 2 Cir. 5/19/10), 37 So.3d 542, 548.
Based on our review of the record, we find no merit to Ms. Pouncy’s argument that she was denied her right to conduct adequate discovery prior, to the hearing on the motion for summary judgment. The accident in the present case occurred on March 20, 2013, and the petition for damages was filed in May of 2013. Winn-Dixie filed its motion for summary judgment on December 18, 2013, |12subsequent to the deposition of Ms. Pouncy. On January 22, 2014, Ms. Pouncy propounded written discovery requests and thereafter filed an opposition to WinnDixie’s motion for summary judgment claiming that she was entitled to additional discovery, a motion to compel more complete discovery answers, and a motion to continue the summary judgment hearing.' The February 3, 2014 minute entry reflects that-the hearing on Winn-Dixie’s summary judgment motion was continued withoüt date because Ms. Pouncy’s counsel was out of town due to an emergéney.' On February 20, 2014, Winn-Dixie filed a motion to reset the summary judgment hearing. Ms.- Pouncy then filed a motion in opposition to setting the hearing on the motion for summary judgment on the basis that outstanding discovery had not been answered completely. ■ Despite Ms. Pouncy’s continuing objections to Winn-Dixie’s discovery responses and the setting of the summary judgment hearing, the trial court, on April 1, 2014, conducted a hearing on Winn-Dixie’s motion for summary judgment and Ms. Pouncy’s motion to compel more complete discovery responses. On April 2, 2014, the trial, court granted Winn-rDixie’s motion for summary judgment and denied Ms. Pouncy’s motion to compel.
Based on our review of the record, we find no error in the trial court’s denial of Ms. Pouncy’s motion to compel ór in his decision to proceed with the summary judgment hearing. The record reveals that Winn-Dixie. fully responded to the discovery requests that were propounded on January 22, 2014. With regard to Ms. Pouncy’s inquiry about the name of the chemical or floor maintenance treatment used on the floor, Winn-Dixie responded that no chemical, floor wax, or floor maintenance treatment was used on the floor at the time of Ms. Pouncy’s fall. - Winn-Dixie also advised Ms. Pouncy that it does not maintain “inspection records” because “[a]ll managers and associates are expected to ‘clean as you go’ and ‘pick [isit ,up-don’t pass it up’ as part of normal work duties.” Given that Winn-Dixie answered Ms. Pouncy’s discovery requests, we find no error in the trial court’s denial of her motion to compel more complete answers.
*610 To the extent that Ms. Pouncy was attempting to ascertain the “makeup of the floor, the chemical makeup of it,” we. note that she never requested that type.of information' from Winn-Dixie. Moreover, she did not allege in her petition for damages that the makeup of the floor rendered it defective or unreasonably, dangerous. Rather, Ms* Pouncy’s petition alleged that she fell because of “standing water on the' floor.” Lastly, we. note that Winn-Dixie’s alleged inadequate answers to discovery in no way hampered Ms. Pouncy’s ability to hire a flooring expert to inspect the floor at the store 'and to present those findings to the judge at the summary judgment hearing. * , ;

CONCLUSION

Accordingly, for the foregoing reasons, we affirm the judgment of' the trial' court that granted Winn-Dixie’s motion for summary judgment and denied Ms. Pouncy’s motion to compel more complete discovery responses.

AFFIRMED

. In its answer, defendant noted that the correct name of Winn-Dixie is Winn-Dixie Mont-gomeiy, LLC, not Winn-Dixie Louisiana, Inc.