MARC E. JOHNSON, Judge.
12Defendants/AppelIants, The Krewe of Argus, Inc. (hereinafter referred to as “Argus”) and Certain Underwriters at Lloyd’s of London (hereinafter referred to as “Lloyd’s”), appeal the summary judgment in favor of Plaintiff/Appellee, the City of Kenner (hereinafter referred to as “the City”) on the issue of insurance coverage rendered in the 24th Judicial Court, Division “N”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This matter arises from the underlying action, Marie M. Clesi, et al. v. City of Kenner, et al, case number 711-908, which is currently pending in Division “N” of the 24th Judicial District Court. In that matter, the plaintiff, Marie Clesi, alleges she sustained personal injuries and damages while exiting the Pontchartrain Center located in Kenner, Louisiana in March of 2011. Among the defendants in that matter are the City, Lloyd’s, and SMG, the company managing the Pontchartrain Center.
On November 17, 2014, the City filed a “Petition for Declaratory Judgment and for Damages” against Lloyd’s and Argus, In its Petition, the City alleged that | .-¡pursuant to the Use License Agreement — the lease agreement Argus signed with SMG and the City for use of the Pontchartrain Center — and the insurance policy, it was entitled to defense and indemnification for the claims asserted by Ms. Clesi. The City alleged that Argus was required by the Use License Agreement to obtain an insurance policy for use of the Pontchartrain Center for its Mardi Gras Ball. The City further alleged that Ms. Clesi was attending Argus’s ball when she sustained her. alleged injuries. The City claimed that it was an additional insured to Argus’s insurance policy and was entitled to the same protections from Lloyd’s, the insurer of the policy, as Argus. The City also requested reimbursement for fees and costs associated with defending Ms. Clesi’s lawsuit.
On December 18, 2014, the City filed its motion for summary judgment, asserting *814 summary judgment should be granted in its favor declaring that it was entitled to coverage by Lloyd’s under the policy issued to Argus. After a hearing that was held on March 4, 2015, the trial court granted the City’s motion. The instant appeal followed.
La-183 SOUTHERN REPORTER, 3d SERIES
ASSIGNMENTS OF ERROR
On appeal, Appellants allege the trial court erred in granting summary judgment in favor of the City by finding: 1) a duty to defend and indemnify the - City existed, and 2) the insurance policy issued in accordance with the Use License Agreement provided coverage to the City when the claim was based upon defects in the property that were known by 'the City.
LAW AND ANALYSIS

General Summary Judgment Law

This Court explained the standard of review for summ'ary judgments in Pouncy v. Winn-Dixie La., Inc., 15-189, pp. 5-6 (La.App. 5 Cir. 10/28/15); 178 So.3d 603, by stating the following:
14A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. The -summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that- there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue.
⅞: * *
Appellate courts review a judgment granting or denying a motion for-summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the move is entitled to judgment as a matter of law.
(Internal citations omitted).

Duty to Defend

Appellants allege the trial court erred in finding that Lloyd’s has a duty to defend and indemnify the City in the underlying lawsuit because there is a remaining genuine issue of material fact as to whether the City is entitled to indemnification. Appellants claim that the indemnification provision in the Use License Agreement details the extent to which Argus had to obtain insurance coverage for the City as an additional insured, and an interpretation of that indemnification provision is necessary for the determination of the scope of Lloyd’s duty to defend the City. Appellants further claim that Lloyd’s election to defend SMG has no bearing on the alleged obligation to defend the City because the election to defend is a separate and distinct concept from the duty to defend.
Appellants also allege the trial court erred in finding that the insurance policy issued in. accordance with the Use License Agreement provided coverage to the City when the claim was based upon hidden *815 defects in the area of the [sPontchartrain Center where Ms. Clesi’s alleged fall occurred. Appellants argue that the area where the incident occurred, the fire lane, is not included in the areas of the ingress or egress of the Pontchartrain Center designated for coverage under the commercial general liability policy issued to Argus in' accordance with the Use License Agreement. Additionally, Appellants aver the City knew about the defect in the fire lane for several years prior Ms. Clesi’s alleged fall. Appellants contend that Argus did not assume liability of the fire lane of the Pontchartrain Center, and Lloyd’s should not be required to defend and indemnify the City against a defect that was known by the City yet was not disclosed to Argus prior to adding the City as an additional insured. Appellants contend that neither the Use License Agreement nor the insurance policy contain a provision requiring Argus, as the temporary lessee of the Pontchartrain Center, to maintain the premises or accept liability for a hazardous condition that it had no time to inspect, no control over or ability to remedy the problem.
The City contends the finding in its favor that Lloyd’s has a duty to defend it in the underlying lawsuit is correct because it was a listed additional insured in Argus’s insurance policy, and Lloyd’s should not be allowed to avoid its obligation to provide coverage to both it and SMG. The City avers that the insurance policy does not limit coverage to only those claims arising out of the fault of Argus, nor ‘ does it exclude coverage for claims arising out of the fault of the City.
Before addressing whether the summary judgment was properly granted by the trial court, we first note that the record before us is void of any argument by Appellants to the trial court in opposition to the. City’s motion. There is neither a copy of Appellants’ opposition to the motion for summary judgment nor a copy of the transcript of the summary judgment hearing included in the record. Courts of appeal only review issues that were submitted to the trial court and which are | (¡contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. Uniform Rules — Courts of Appeal, Rule 1-3. Because there is no evidence in the record of which argument, if any, was presented to the trial court by. Appellants, we will not consider the arguments raised in their brief to .this Court as to why summary judgment in favor of the City was improper. ..Now, we will determine whether the City is entitled to summary judgment as a matter of law on the issue of whether Lloyd’s has a duty to defend and indemnify it in the underlying lawsuit.
An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. Peterson v. Schimek, 98-1712 (La.3/2/99); 729 So.2d 1024, 1028. (Citation omitted). As-such, courts are guided by certain principles of construction and should interpret insurance policies the same way they do other contracts by using the general rules of contract interpretation as set forth in our Civil Code. Id. The purpose of liability insurance is to afford the insured protection from damage claims. Insurance contracts, therefore, should be interpreted to effect, not deny, coverage. Id. The extent of coverage is determined from the intent of the parties as reflected by the words of the insurance policy. Id. (Emphasis added). The role of the judiciary in interpreting insurance contracts is to ascertain the common intent of the insured and insurer as reflected, by the words in the policy. • Id. When the words of an insurance contract *816 are clear, explicit and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties’ intent. Id. (Emphasis added).
In the matter before us, the City attached a copy of the commercial general liability insurance policy documentation provided by Lloyd’s to Argus to its summary judgment motion. Coverage for damages for bodily injuries and 17property, as defined in the policy, was provided to Argus by Lloyd’s. The policy also set forth Lloyd’s right and. duty to defend Argus against any lawsuit seeking damages for bodily injuries or property. Pursuant to the Use License Agreement, Argus added the City, SMG and its employees, and the Pontchartrain Center as additional insured parties to their commercial general liability insurance policy for Argus’s Mardi Gras Ball.
A reading of the insurance documentation shows that the parties clearly intended to provide the City, as an additional insured, with the same protections that were provided to Argus, which included the duty of Lloyd’s to defend against lawsuits involving bodily injuries and property damage. Although Appellants urge this Court to review the Use License Agreement for further interpretation of the parties’ intent, we are constrained to only consider the intent of the parties as specified in the insurance policy. Because we find the insurance policy clearly provides for Lloyd’s duty to defend the City, there is no need for us to seek further interpretation of the parties’ intent on this issue.
Therefore, after de novo review, we find that there is no remaining genuine issue of material fact, and the City is entitled to summary judgment as a matter of law that Lloyd’s is obligated to defend the City against Ms. Clesi’s allegations in the underlying lawsuit.
DECREE
For the foregoing reasons, we affirm the granting of summary judgment in favor of the City and against Appellants. Additionally, we award the City reimbursement for all attorney’s fees and costs incurred in defending the underlying claim. Appellants are to bear the costs of this appeal.

AFFIRMED