MARC E. JOHNSON, Judge. -
'• |2Plaintiffs/Appellants, Mirian L. Rivas and Luis J. Cardona, appeal the granting of- summary judgment in favor of Deferi-dant/Appellee,' Wal-Mart Louisiana, L.L.C. (hereinafter referred to as “Wal-Mart”), that dismissed their personal injury action filed in the 24th Judicial District Court, Division “B”. For the following reasons, we reverse the summary judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On September 17, 2014, Plaintiffs filed their Petition for Damages against Wal-Mart Stores, Inc.[1] In the petition, Plaintiffs alleged that on or. about January"18, 2014, Mrs. Rivas was a customer in Wal-Mart’s Harvey; Louisiana location when she slipped'and fell due to an unknown hazardous substance on the floor |Rwhile walking down an aisle. Plaintiffs claimed various damages were incurred due to the injuries sustained from Mrs, Rivas’s fall.
After answering the petition, Wal-Mart was served with a set of interrogatories and request for production of documents. Wal-Mart certified that it forwarded a copy of the answers to the discovery requests to Plaintiffs’ attorney on December 3, 2014. A few months later, Wal-Mart filed notices to depose Plaintiffs. The depositions of Plaintiffs took place on April 15, 2015. Shortly thereafter, Wal-Mart filed its Motion for Summary Judgment on May 15, 2015.
In its motion, Wal-Mart argued that Plaintiffs could not meet the burden of proving the essential legal elements of their claim under La. R.S. 9:2800.6, particularly that Wal-Mart either created or had actual or constructive notice of the condition of the flooring at the time of Mrs. Rivas’s fall. In their opposition filed on July 1, 2015, Plaintiffs asserted that they needed the opportunity to develop their case against Wal-Mart. Plaintiffs maintained that Wal-Mart supplied incomplete discovery responses to them discovery request. Plaintiffs also maintained that, although Wal-Mart identified seven employees who may have been responsible for maintaining and cleaning the area in which the incident occurred, Wal-Mart did not divulge if any of those employees actually *641 visited the location of the incident prior to its occurrence. Consequently, Plaintiffs argued that the trial court could not make a determination without the testimony of the employees who actually visited the -location.
A'hearing on Wal-Mart’s Motion for-Summary Judgment was held oh July 7, 2015. At the summary judgment hearing, Wal-Mart argued that, despite Plaintiffs’ argument that discovery was incomplete, Plaintiffs failed to do any discovery in the seven months prior to the filing of Wal-Mart’s motion. In response, Plaintiffs argued that the amount of time that lapsed prior to the filing of |4Wal-Mart’s motion was not reasonable to have completed discovery, specifically there was insufficient time to depose the Wal-Mart employees to determine notice of the liquid on the floor. At the end of the hearing, the trial judge concluded that the answers to Plaintiffs’ questions could have been learned if discovery had been timely completed. In a judgment dated July 13, 2015, the trial court granted summary judgment in favor of Wal-Mart and dismissed Plaintiffs’ claims with prejudice. The instant appeal followed.
ASSIGNMENT OF ERROR
On appeal, Plaintiffs’ sole assignment of error alleges that the trial court erred by allowing limited to no discovery of Wal-Mart to take place prior to granting the summary judgment.
LAW AND ANALYSIS
Plaintiffs allege the trial court erred in granting summary judgment in favor of Wal-Mart because the opportunity to propound sufficient discovery to Wal-Mart had not been allowed at the time of the ruling. Plaintiffs argue that, at the time Wal-Mart filed its Motion for Summary Judgment, no depositions of any of Wal-Mart’s employees had been taken and Wal-Mart had not provided all of the documents identified in its original-responses to the interrogatories and request for production of documents. Plaintiffs contend that, at the time the summary jüdgment motion was heard, by the trial court, a Rule 10.1 discovery conference had been scheduled to address Wal-Mart’s outstanding discovery issues because Wal-Mart only provided a single set of incomplete responses.
Plaintiffs further argue that the trial court could not have adequately and appropriately considered Wal-Mart’s Motion for Summary Judgment because they did not have the opportunity to develop their case and present the facts to the court. Plaintiffs aver that, in order to put the facts before the court on whether the | ^remaining essential elements of premises liability extend to Wal-Mart, the employees with knowledge of the store’s operations and conditions of the area on the day in question must also be presented to the court; and, Wal-Mart did not make, those employees with that knowledge .available to Plaintiffs. Plaintiffs claim that summary judgment was rendered before any meaningful discovery was able to be completed or conducted, of Wal-Mart’s witnesses.
Wal-Mart maintains that summary judgment was properly-rendered by the trial court because Plaintiffs failed to meet their burden of proving the essential legal elements of their claim under La. R.S. 9:2800.6. Wal-Mart asserts that Plaintiffs had adequate time but failed to adequately conduct discovery, e.g., notice the depositions of the Wal-Mart employees, even after Plaintiffs were apprised of the identities of all of the store associates on duty at the time of the incident through its answers to the interrogatories. Wal-Mart further maintains that Plaintiffs did not serve their request for a Rule 10.1 confer *642 ence until after the filing of its Motion for Summary Judgment. Instead of requesting to continue the hearing, file a motion to compel, or attempt to notice depositions of any Wal-Mart employees, Wal-Mart argues that Plaintiffs decided to go forward with the summary judgment hearing and failed to produce evidence that Wal-Mart either created or had actual or constructive notice of the substance on the floor that allegedly caused Mrs. Rivas to slip and fall. As a result, Wal-Mart contends that summary judgment was properly granted in its favor.
This Court explained the standard of review for summary judgments in Pouncy v. Winn-Dixie La., Inc., 15-189 (La.App. 5 Cir. 10/28/15); 178 So.3d 603, 605, by stating the following:
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. | fiThe summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue.
Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The nonmoving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine' issue of material fact, and whether the move is entitled to judgment as a matter of law.
(Internal citations omitted).
Although there is no absolute right to delay action on a motion for summary judgment until discovery is complete, the parties must be given the opportunity to conduct “adequate discovery” to present their claims. Id. at 609. The mere contention of an opponent that he lacks sufficient information to defend a summary judgment motion and needs additional time to conduct discovery is insufficient to defeat the motion. Id. The only requirement is that the parties be given a fair opportunity to present their claims, and unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Id.
|7The issue before the trial court in this matter was whether there was a genu *643 ine issue of material fact that Wal-Mart was negligent, as a merchant, for Mrs. Rivas’s alleged slip and fall. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following: 1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; 2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and 3) the merchant failed to exercise reasonable care. La. R.S. 9:2800.6.
Wal-Mart argued in its Motion for Summary Judgment that Plaintiffs could not meet the burden of proving all of the necessary elements of La. R.S. 9:2800.6, mainly the notice requirement. Plaintiffs countered the motion by arguing that they had not been given the opportunity to conduct adequate discovery to present their claims, in that Wal-Mart had not supplied necessary information pertaining to the employees, if any, who were actually in the area where Mrs. Rivas slipped and fell on the day of the incident. After our de novo review, we agree with Plaintiffs’ position.
Here, Plaintiffs filed their action in September of 2014. By May of 2015, Wal-Mart had filed its Motion for Summary Judgment. Although Wal-Mart supplied answers to Plaintiffs’ discovery requests in December of 2014, there is a question as to whether those responses were sufficient. Within a month of Wal-Mart deposing Plaintiffs, Wal-Mart filed its motion, alleging Plaintiffs could not meet their burden of proof under La. R.S. 9:2800.6. Under the circumstances of this particular case, we find that Plaintiffs were not provided a fair opportunity to | «conduct the adequate discovery needed to present their claims and defend against a summary judgment motion.
Accordingly, we find that summary judgment is not proper at this point in the proceeding.
DECREE
For the foregoing reasons, we reverse the trial court’s granting of summary judgment in favor of Wal-Mart Stores, L.L.C. Accordingly, we remand the matter to the trial court for further proceedings. Wal-Mart Stores, L.L.C. is assessed the costs of this appeal.

REVERSED AND REMANDED

. In their Amended Petition filed on October 21, 2014, Plaintiffs substituted Wal-Mart Louisiana, L.L.C. in place of Wal-Mart Stores, Inc. as the defendant,