Pamela Powe **CERMINARO**

v.

Philip Anthony **CERMINARO**

**NO. 16-CA-274**

Court of Appeal of Louisiana,
Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LEE, PAMELA POWE CERMINARO, Mitchell J. Hoffman, Kim N. Nguyen, Gregory S. Marsiglia

COUNSEL FOR DEFENDANT/AP-PELLANT, PHILIP ANTHONY CER-MINARO, Frank P. Tranchina, Jr., Mark J. Mansfield, Amy C. Cowley

Panel composed of Susan M. Chehardy, Jude G. Gravois, and Marc E. Johnson

JOHNSON, J.

⌊₁Defendant/Appellant, Philip Anthony Cerminaro, appeals the summary judgment in favor of Plaintiff/Appellee, Pamela Powe Cerminaro, concerning the revocation of donations from the 24ᵗʰ Judicial District Court, Division "O". For the following reasons, we reverse the judgment and remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

Philip Cerminaro and Pamela Powe Cerminaro were married on March 19, 1996. During their marriage, Industrial Products Limited, L.L.C., CP2, L.L.C. and Cerminaro-Powe, Ltd. were formed. Mr. Cerminaro and Ms. Cerminaro created Cerminaro-Powe, Ltd. on June 4, 1996. Mr. Cerminaro and Ms. Cerminaro's father, William A. Powe, created Industrial Products Limited, L.L.C. on July 31, 2000 and CP2, L.L.C. on October 27, 2011. Mr. Powe died intestate on March 5, 2012. On May 1, 2012, Mr. Cerminaro and Ms. Cerminaro signed three documents, all titled "ASSIGNMENT OF LIMITED LIABILITY COMPANY INTEREST" (hereinafter collectively referred to as "Assignments"), wherein Ms. Cerminaro assigned 10% interest in Cerminaro-Powe, Ltd.,

25% interest in CP2, L.L.C., and 25% interest in Industrial Products Limited, L.L.C. of her inherited interests in the companies from Mr. Powe to Mr. Cerminaro.

On August 28, 2013, Mr. Cerminaro filed a "Petition for Divorce" pursuant to La. C.C. art. 102. Ms. Cerminaro motioned to dismiss the petition on the grounds that the parties had reconciled. Mr. Cerminaro's petition was later dismissed with prejudice. On July 22, 2014, Ms. Cerminaro filed her own "Petition for Divorce" pursuant to La. C.C. art. 103(1).[1]

A few days after filing for divorce, Ms. Cerminaro filed a "Petition to Annul Donations" on August 8, 2014, seeking to revoke the interests in the limited |₂liability companies she assigned to Mr. Cerminaro. In her petition, Ms. Cerminaro alleged the Assignments were purely gratuitous donations to Mr. Cerminaro. She also alleged that she was entitled to revoke those donations on the grounds of ingratitude towards her due to the fact that Mr. Cerminaro had an ongoing adulterous relationship during their marriage. In his Answer to the petition to annul, Mr. Cerminaro raised estoppel as an affirmative defense. He argued that Ms. Cerminaro had knowledge of his affair prior to their reconciliation, and that any legal fault he had for the adultery was terminated at the time they reconciled.

Ms. Cerminaro filed a "Motion for Summary Judgment" on February 27, 2015, asserting she was entitled to a summary judgment revoking the donations as a matter of law because of Mr. Cerminaro's ingratitude. The matter was heard by the trial court and denied on June 15, 2015. Ms. Cerminaro subsequently filed a second "Motion for Summary Judgment" on September 28, 2015, asserting she was entitled to a summary judgment revoking the donations as a matter of law because Mr. Cerminaro admitted to his ingratitude by stipulating that he had an adulterous affair during their marriage.[2], [3]

The matter was heard by the trial court on February 1, 2016. In a judgment rendered on February 4, 2016, the trial court granted Ms. Cerminaro's motion and found that Mr. Cerminaro had committed acts constituting ingratitude, as defined in La. C.C. art. 1557(2). The trial court further found that it was unpersuaded that the ingratitude was forgiven by a failed reconciliation. The trial court held that the Assignments were acts of donations and revoked them on the basis of ingratitude. Mr. Cerminaro was prohibited from using any of the Assignments for the purpose of asserting ownership. Mr. Cerminaro filed the instant appeal of the February 4th judgment.

## |₃ASSIGNMENTS OF ERROR

On appeal, Mr. Cerminaro alleges the trial court legally erred in granting a summary judgment that revoked the acts of donations made by Ms. Cerminaro on the basis of ingratitude. Mr. Cerminaro argues it was an error for the trial court to grant the summary judgment because genuine issues of material fact remain as to whether: valid donations existed, the donations

1. A judgment of divorce was rendered on May 7, 2015.

2. The parties signed a "Joint Stipulation of Fact," which was filed into the record on August 4, 2015.

3. We note that Mr. Cerminaro filed an "Exception of *Lis Pendens*" on December 29, 2015, asserting that there is pending litigation in the 22nd Judicial District Court concerning the ownership of the membership interests at issue. However, Mr. Cerminaro subsequently filed a motion to dismiss his exception, which was granted on February 1, 2016.

were gratuitous, and Ms. Cerminaro owned the company interests purported to be donated.

## LAW AND ANALYSIS

### General Law

■ A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Rivas v. Wal–Mart Stores*, 15–668 (La.App. 5 Cir. 3/16/16); 194 So.3d 639, 642, citing *Pouncy v. Winn–Dixie La., Inc.*, 15–189 (La.App. 5 Cir. 10/28/15); 178 So.3d 603. The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action. *Id.*

■ A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id.*

■ Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Id.*

### Revocation of the Donations

■ Mr. Cerminaro alleges the trial court legally erred in granting Ms. Cerminaro's summary judgment because there are remaining issues of material fact. Mr. Cerminaro argues that Ms. Cerminaro failed to meet her burden of proving that valid and enforceable donations existed that could be revoked. He contends Ms. Cerminaro failed to sufficiently prove that the transfer of her alleged limited liability company interests to him were gifts because the language used in the Assignments is ambiguous. Mr. Cerminaro further argues the trial court legally erred in granting summary judgment without determining whether Ms. Cerminaro ever maintained any ownership interests in order to effectively donate the companies' stock interests to him. He claims the interests that were purportedly donated to him legally belong to the succession of William Powe, which is in litigation in another court, and Ms. Cerminaro could not donate interests that were not owned by her. In the event this Court finds the existence of donations, Mr. Cerminaro alternatively argues that summary judgment was improper because the donations were onerous donations, not gratuitous, and could not be revoked. He contends that Ms. Cerminaro purportedly donated her interests in the respective companies to him in exchange for his operation of the companies for continued existence, which ultimately provided a benefit to her.

Ms. Cerminaro counters Mr. Cerminaro's arguments by maintaining the donations were properly revoked through summary judgment because she was entitled to the revocations as a matter of law. Ms. Cerminaro avers there were no remaining issues of material fact because Mr. Cerminaro acknowledged that her Assignments were donated gratuitously by signing each of the instruments. She also avers that Mr.

Cerminaro failed to present any evidence for an alternative intent of the parties for a finding of ambiguity. Ms. Cerminaro contends that Mr. Cerminaro failed to present any evidence to refute the fact that she inherited the interests of the limited liability companies after her father's death, which she subsequently donated. She further contends that Mr. Cerminaro's argument ignores the fact that her portion of her father's intestate succession immediately transmitted to her upon his death, and she exercised her right to transfer the inherited stock interests in the companies.

We will first consider whether the Assignments were valid donations.

■■ An *inter vivos* donation is a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it. *O'Krepki v. O'Krepki*, 16–50 (La.App. 5 Cir. 5/26/16); 193 So.3d 574, 579, citing La. C.C. art. 1468. In order for the donation to be valid, there must be a divestment, accompanied by donative intent. *Id.* The donee has the burden of proving donative intent, which is a factual issue. *Cimino v. Capps*, 48,122 (La.App. 2 Cir. 6/26/13); 117 So.3d 573, 575. A donation *inter vivos* may be revoked because of ingratitude of the donee if he has been guilty of cruel treatment, crimes, or grievous injuries against the donor. La. C.C. arts. 1556 and 1157.

A donation *inter vivos* shall be made by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law. La. C.C. art. 1541. The Civil Code provides two exceptions to the rule that *inter vivos* donations be made by authentic act, the application of which depends on whether the object of the donation is a corporeal or incorporeal movable. *O'Krepki, supra.* If the object of the dona-

tion is a corporeal movable, La. C.C. art. 1543 provides that the *inter vivos* donation of a corporeal movable may be made by delivery of the thing to the donee without any other formality. *Id.* The second exception to the requirement that *inter vivos* donations be made in the form of authentic act is found in La. C.C. art. 1550, which is applicable to incorporeal movables. *Id.*

La. C.C. art. 1550 states,

The donation or acceptance of a donation of an incorporeal movable of the kind that is evidenced by a certificate, document, instrument, or other writing, and that is transferable by endorsement or delivery, may be made by authentic act or by compliance with the requirements otherwise applicable to the transfer of that particular kind of incorporeal movable.

In addition, an incorporeal movable that is investment property, as that term is defined in Chapter 9 of the Louisiana Commercial Laws, may also be donated by a writing signed by the donor that evidences donative intent and directs the transfer of the property to the donee or his account or for his benefit. Completion of the transfer to the donee or his account or for his benefit shall constitute acceptance of the donation.

A membership interest in a limited liability company is an incorporeal movable. La. R.S. 12:1329.

In the instant matter, a review of the form of the Assignments clearly shows the donations were not made by authentic act. The only signatures on the Assignments are those of Mr. Cerminaro and Ms. Cerminaro. No witnesses or notary public or other officer authorized to perform that function signed those documents, as required by La. C.C. art. 1833.[4] Thus, when the validity of the donations were chal-

lenged by Mr. Ceriminaro, compliance with the requirements or proof that the interests in the limited liability companies were investment properties [5] should have been presented by Ms. Cerminaro. The record is devoid of such evidence being presented to the trial court for summary judgment purposes. Therefore, we find there are genuine issues of material fact remaining as to whether the Assignments were in proper form to validly donate Ms. Cerminaro's stock interests in the companies to Mr. Cerminaro, and Ms. Cerminaro is not entitled to summary judgment as a matter of law at this point in the proceeding. The remaining issues raised by Mr. Cerminaro are pretermitted and can be addressed by the trial court upon remand.

## DECREE

For the foregoing reasons, we reverse the summary judgment in favor of Pamela Powe Cerminaro and remand the matter to the trial court for further proceedings.

## REVERSED AND REMANDED

before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it. . . . ''

5. After reviewing La. R.S. 10:8–102, 10:8–103 and 10:9–102, we cannot ascertain from the evidence presented at the trial court whether the interests in the limited liability companies at issue are investment properties.