LISA HILL

VERSUS

HOBBY LOBBY STORES, INC.

NO. 19-CA-89

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 761-477, DIVISION "E"
HONORABLE WILLIAM C. CREDO, III,
JUDGE PRO TEMPORE PRESIDING

October 02, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
  **RAC**
  **SJW**
  **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
LISA HILL
Kevin M. Riley
Michael D. Riley

COUNSEL FOR DEFENDANT/APPELLEE,
HOBBY LOBBY STORES, INC.
Peter J. Wanek
Lindsay G. Faulkner
Kathryn T. Trew

**CHAISSON, J.**

In this personal injury suit arising from alleged premises liability and general negligence, Lisa Hill appeals an October 16, 2018 judgment of the trial court that granted Hobby Lobby Stores, Inc.'s ("Hobby Lobby") motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

On June 1, 2015, while shopping in a Hobby Lobby store in Jefferson Parish, Ms. Hill attempted to sit in a display chair that was for sale but the chair collapsed beneath her, causing her to fall to the floor and sustain personal injuries. As a result of this incident, on June 1, 2016, Ms. Hill filed suit against Hobby Lobby for her injuries based upon theories of defective premises and general negligence.

On April 11, 2018, Hobby Lobby responded to Ms. Hill's discovery requests that she contends were propounded upon Hobby Lobby eighteen months earlier, on October 12, 2016.[1] Six days later, on April 17, 2018, Hobby Lobby filed its motion for summary judgment arguing that Ms. Hill could not present evidence of two essential elements of her claim: 1) that the property had a condition that created an unreasonable risk of harm to persons on the premises, and 2) that Hobby Lobby had actual or constructive knowledge of the risk. Thereafter, on June 5, 2018, and June 15, 2018, Hobby Lobby provided supplemental responses to its prior answers.

Hearing on Hobby Lobby's motion for summary judgment was originally set for June 13, 2018, but was continued to September 26, 2018, by agreement of the parties because Ms. Hill desired to take additional discovery. In light of the

---

[1] Although there is no proof in the appellate record as to when these interrogatories were propounded, Hobby Lobby does not appear to dispute the date of October 12, 2016. Additionally, however, the appellate record does not reflect that Ms. Hill filed a motion to compel responses to her interrogatories.

continuance of the hearing on the summary judgment motion, Hobby Lobby filed a motion to also continue the trial on the merits.

At the September 26, 2018 hearing, counsel for Ms. Hill argued that she had not had adequate time within which to conduct discovery and believed that it was inappropriate to move forward on the motion for summary judgment, requesting additional time within which to depose the Hobby Lobby employees.[2]  After noting that the hearing on the summary judgment motion had already been continued once to give Ms. Hill extra time for the development of her evidence, the trial court proceeded with ruling on the motion in favor of Hobby Lobby.  It is from this judgment that Ms. Hill now appeals.

In her appeal, Ms. Hill raises two issues:  1) whether adequate discovery was completed prior to the entry of summary judgment, and 2) whether genuine issues of material fact preclude summary judgment.

## DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact.  The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.  La. C.C.P. art. 966(A)(2).

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*.  *Pouncy v. Winn-Dixie Louisiana, Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605.  Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate:  whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.  *Id.*

---

[2] The appellate record does not reflect that Ms. Hill filed a motion to compel responses to any interrogatories that she believed were inadequately answered.  Nor does it reflect that she filed a written motion to continue the September 26, 2018 hearing, only that counsel appeared at the hearing and verbally argued that additional time for discovery was needed.

Under **La. C.C.P. art. 966,** the initial burden is on the mover to show that no genuine issue of material fact exists. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

*Opportunity for adequate discovery*

A defendant's motion for summary judgment may be made at any time. **La. C.C.P. art. 966(A)(1).** The trial court has the discretion to render summary judgment, if appropriate, or to allow further discovery. The parties must be given the opportunity to conduct "adequate discovery" to present their claims. **La. C.C.P. art. 966(A)(3);** *Pouncy*, 178 So.3d at 608-09. However, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. *Pouncy*, 178 So.3d at 609. The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. *Id.*

Based on our review of the record, we find no merit to Ms. Hill's argument that she was denied her right to conduct adequate discovery prior to the hearing on the motion for summary judgment. The accident in the present case occurred on June 1, 2015, and Ms. Hill's petition for damages was filed on June 1, 2016. Hobby Lobby did not file its motion for summary judgment until almost two years later, on April 17, 2018. Although Ms. Hill complains that Hobby Lobby had only

one week earlier belatedly filed inadequate answers to her interrogatories, we note that Ms. Hill did not file a motion to compel during the alleged eighteen months that the answers to interrogatories were outstanding or after the answers were received. Additionally, Hobby Lobby supplemented its answers on June 5, 2018, and June 15, 2018, and agreed to a continuance of the hearing on the summary judgment motion until September 26, 2018, five months after its filing. Furthermore, Ms. Hill never filed a motion to continue the September 26, 2018 hearing and only requested additional time for discovery at the hearing itself. Under these circumstances, we find no error in the trial court's decision to proceed with the summary judgment hearing.

*Genuine issues of material fact*

Under both La. C.C. art. 2317.1 (damage caused by ruin, vice, or defect in things) and La. C.C. art. 2322 (damage caused by ruin of building), it is incumbent upon a plaintiff to show that the owner or custodian of the allegedly defective thing (or premises) knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect. Likewise, under a theory of general negligence, it is the defendant's *awareness* of the dangerous condition of the property that gives rise to a duty to act. *Oster v. Department of Transportation and Development, State of Louisiana*, 91-0195 (La. 1991), 582 So.2d 1285, 1288. Thus, under either theory of liability advanced by Ms. Hill, Hobby Lobby's knowledge, either actual or constructive, of the alleged defective condition of the chair is an essential element of the claim.

In this case, both Ms. Hill and her daughter, Keyunita Duplessis, who was present with Ms. Hill at the time of the incident, testified by way of deposition that they did not observe anything about the chair that appeared to be defective. Furthermore, Ms. Hill acknowledges that she has no evidence that any employee of Hobby Lobby had any knowledge of any defect in the chair. Consequently, we

find that Hobby Lobby has pointed out that there is an absence of factual support for an element essential to Ms. Hill's claim (*i.e.*, Hobby Lobby's knowledge), and Ms. Hill has failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

**CONCLUSION**

Upon our *de novo* review, we find that there is no genuine issue of material fact regarding Hobby Lobby's lack of knowledge of an allegedly defective condition in the chair or premises where Ms. Hill was injured, and that Hobby Lobby is entitled to summary judgment as a matter of law. Accordingly, the judgment of the trial court granting summary judgment in favor of Hobby Lobby and dismissing Ms. Hill's lawsuit with prejudice is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 2, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
**MARY E. LEGNON**
INTERIM CLERK OF COURT

## 19-CA-89

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE WILLIAM C. CREDO, III JUDGE PRO TEMPORE (DISTRICT JUDGE)
LINDSAY G. FAULKNER (APPELLEE)

### MAILED

TREVOR C. DAVIES (APPELLEE)
ATTORNEY AT LAW
1340 POYDRAS STREET
SUITE 1810
NEW ORLEANS, LA 70112

PETER J. WANEK (APPELLEE)
KATHRYN T. TREW (APPELLEE)
ATTORNEYS AT LAW
1340 POYDRAS STREET
SUITE 2000
NEW ORLEANS, LA 70112

MICHAEL D. RILEY (APPELLANT)
KEVIN M. RILEY (APPELLANT)
ATTORNEYS AT LAW
3524 CANAL STREET
NEW ORLEANS, LA 70119