FOGG, Judge.
The issue presented on appeal in this suit for declaratory judgment is whether the corpus of a trust forms part of the estate *282 of the deceased principal beneficiary or devolves directly to the heirs and legatees of the principal beneficiary pursuant to the terms of the trust instrument. We find that the assets of the trust fall into the estate of the principal beneficiary and, therefore, affirm the judgment of the trial court.
Patricia Ann Voorhies Lewis died on September 25,1986. She was survived by four adult children, Arthur Cullen Lewis, III, Alexis V. Lewis, Patricia Ann Lewis Williams and Marguerite Lewis Landry. Her Last Will and Testament was filed for probate on June 9, 1987, in the proceeding entitled “In the Matter of the Succession of Patricia Ann Voorhies Lewis, Probate No. 48,621, Division “L”, 19th Judicial District Court, East Baton Rouge Parish, Louisiana” (hereinafter the “Succession”). Pursuant to the terms of the will, Arthur Lewis, III and Alexis Lewis were appointed as co-executors of the Succession (hereinafter the “Executors”).
At the time of her death, Patricia Lewis was the principal and income beneficiary of the Marguerite Browne Voorhies Testamentary Trust (hereinafter the “Trust Instrument”) created under the last will and testament of her mother, Marguerite Voor-hies. Article VI of the Trust Instrument bequeathed the disposable portion of the Marguerite Voorhies’ estate to the children of two of her daughters. Article VII established a trust for her three daughters, including Patricia Lewis. Article VII of the Trust Instrument provides, in pertinent part, as follows:
Subject to the lifetime usufruct of my husband as is provided for in Article I above, I will, devise and bequeath unto my beloved daughters Marguerite Voor-hies Hogan, Dorothy Voorhies Scobee and Patricia Voorhies Lewis, in the proportions of an undivided one-third (Vs) to each, or the children of any one who should predecease me, all of the rest, residue and remainder of the property of every nature and kind, real, personal and mixed, and wherever located, of which I may die possessed; provided, however, that the portion of my estate bequeathed to my three daughters in this Article consisting of bank deposits, stocks, bonds and negotiable securities shall be in trust, with Fidelity National Bank of Baton Rouge as Trustee, on the terms and conditions as are hereinafter stipulated.
The trustee administered the Trust Property until July 31, 1990, at which time the principal and accrued income of the trust were delivered to the Executors by the trustee (hereinafter the “Trust Distribution”). The Executors notified Patricia Williams and Marguerite Landry of the Trust Distribution, requesting their concurrence in the treatment of the Trust Distribution as property belonging to the Succession. Patricia Williams and Marguerite Landry refused to concur in the proposed administration of the Trust Distribution as an asset of the Succession. Thereafter, the' Executors filed the instant lawsuit, asking the court to declare whether or not the Trust Distribution properly belongs to the Succession of Patricia Lewis to be administered as a succession asset.
The matter came before the trial court on cross-motions for summary judgment filed by the Executors and by the defendants, Patricia Williams and Marguerite Landry. The court granted summary judgment in favor of the Executors, declaring (1) that the trust property consists solely of property comprising the forced portion of the estate of Marguerite Voorhies to which Patricia Lewis was entitled by law; (2) that the trust terminated upon the death of Patricia Lewis on September 25, 1986; (3) that Patricia Lewis died testate, and the trust property comprised a portion of the estate of Patricia Lewis, to be administered by her succession representatives in accordance with her will and Louisiana law; and (4) that the trust property belongs to, and is an asset of, the Succession of Patricia Lewis.
Patricia Williams and Marguerite Landry appeal that judgment, contending that the trial court erred in finding that the corpus of this legitime trust forms part of the estate of the deceased principal beneficia *283 ry.[1] They argue that the provisions of the Trust Instrument place the corpus of the trust outside the estate of the decedent at the time of her death. In making this argument, they rely on Article VIII of the Trust Instrument which provides as follows:
Upon the death of any principal beneficiary of said trust, the trustee shall hold and administer that portion of the trust property for the heirs or legatees of that party and upon termination of the trust itself, the trustee shall deliver unto the heirs or legatees of the principal beneficiaries the property of said trust in such form as it may then exist.
Appellants further contend that the above language does not constitute a prohibited substitution because the provisions of the Trust Instrument simply provide for disposition as required by Article 1841 of the Trust Code. Article 1841 of the Trust Code permits the placing of the legitime in trust and requires that “[t]he principal shall be delivered to the forced heir or his heirs, legatees or assignees free of trust, upon the termination of the portion of the trust that affects the legitime”. Appellants contend that the delivery of the corpus of the trust, free of trust, to her heirs, upon the death of the decedent, is the expressed will of the Trust Instrument. Therefore, the language of the Trust Instrument disposes of the corpus in accordance with the requirements of the Trust Code and, in so doing, allows the corpus of the trust to bypass the succession of the principal beneficiary. We disagree.
A disposition authorized by the Trust Code may be made in trust although it would contain a prohibited substitution if it were made free of trust. La. R.S. 9:1723. The trust instrument may provide that the interest of either an original or a substitute principal beneficiary who dies intestate and without descendants during the term of the trust or at its termination vests in some other person or persons, each of whom shall be a substitute beneficiary. La. R.S. 9:1895 and 9:1973. The substitution is predicated in every instance on the requirement that the original or substitute principal beneficiary die intestate and without descendents.
In the instant case, the beneficiary died testate and with descendants. The language of the Trust Instrument does not overcome or circumvent the requirement of the Trust Code that the beneficiary die intestate and without descendents in order for substitutions to be valid. Therefore, the trial court correctly determined that the corpus of the trust is an asset of the estate of the decedent.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be shared equally between appellants, Marguerite Lewis Landry and Patricia Ann Lewis Williams.
AFFIRMED.

. The issue of whether or not this is a legitime trust is not briefed by appellants; therefore, we will deem any contention made by appellants in that respect as abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.