# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0113

*Pmc by JEW*
*JEW*

## KATHLEEN DELERY BAXTER, EDWARD J. DELERY, JR., AND JAMES D. DELERY

## VERSUS

## SUZANNE DELERY ROTH, ANNE MARIE DELERY McWHORTER, AND SHERYL NADINE BACLE DELERY

Judgment Rendered: JUN 2 4 2020

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2018-11688, Div. H

Honorable Alan A. Zaunbrecher, Judge Presiding

* * * * * *

Ronald W. Morrison, Jr.
Metairie, Louisiana

Counsel for Plaintiff/Appellant
James D. Delery

Kent B. Payne
Covington, Louisiana

Counsel for Plaintiff/Appellee
Kathleen Delery Baxter and
Edward J. Delery, Jr.

Adrienne L. Ganucheau
New Orleans, Louisiana

Counsel for Defendant/Appellee
Sheryl Nadine Bacle Delery

* * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

Holdridge J., dissents w/ reasons

**McCLENDON, J.**

In this appeal, Appellant requests this Court's review of the trial court's judgment providing instruction regarding the interpretation and administration of a trust. For the reasons below, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The Edward J. Delery, Sr. and/or Clare F. Delery Revocable Living Trust ("Delery Trust") was created by a Revocable Living Trust Agreement ("Delery Trust Instrument") that was executed on December 20, 1999. Edward J. Delery, Sr. and Clare F. Delery ("Settlors") were the initial co-trustees and income and principal beneficiaries.

The Delery Trust Instrument provided that upon the first Settlor's death, the Delery Trust was to be divided into a "Decedent's Trust" and a "Survivor's Trust," each to be administered as a separate trust. Upon the second Settlor's death, the Delery Trust Instrument directed that the "Decedent's Trust" and "Survivor's Trust" devolve into the "Children's Trust" for the benefit of Settlors' five children, Michael F. Delery, Kathleen Delery Baxter, James D. Delery,[1] Edward J. Delery, Jr., and Clare Marie Delery. The Children's Trust was to be divided to create a sub-trust for each child, for a total of five sub-trusts. The Children's Trust was to be irrevocable. The Delery Trust Instrument also provided that Michael F. Delery, Kathleen Delery Baxter, James D. Delery, and Edward J. Delery, Jr. would serve as successor co-trustees.[2] Following Clare F. Delery's death, Kathleen Delery Baxter, Edward J. Delery, Jr., and James D. Delery became co-trustees of the Delery Trust on August 12, 2016.[3]

However, the Delery Trust was not divided into a "Decedent's Trust" and a "Survivor's Trust" upon Edward J. Delery, Sr.'s death on March 30, 2000 as set forth in the Delery Trust Instrument. Instead, Clare F. Delery remained the sole income and principal beneficiary of the Delery Trust until her death on January 20, 2016.

---

[1] The Trust Instrument incorrectly refers to James D. Delery as "James G. Delery." We refer to him as James D. Delery throughout.

[2] Michael F. Delery ultimately did not serve as co-trustee.

[3] Kathleen is also the trustee of the Delery Trust for the Benefit of the Clare Marie Delery Irrevocable Trust, one of the five sub-trusts comprising the Children's Trust, which was created under the Delery Trust.

2

Michael F. Delery died on October 9, 2017. Michael had previously executed a notarial testament bequeathing the entirety of his estate to his wife, Sheryl Delery, Appellee herein.

On April 16, 2018, Kathleen Delery Baxter, Edward J. Delery, Jr., and James D. Delery (collectively, "Plaintiffs"), co-trustees of the Children's Trust, filed a Rule for Instructions Regarding Interpretation of Trust and Administration of Trust pursuant to LSA-R.S. 9:2233 ("Rule"). Louisiana Revised Statutes 9:2233(A) provides, in pertinent part:

> A trustee, a beneficiary, or a settlor in an ordinary or a summary proceeding may apply to the proper court for instructions concerning the trust instrument, the interpretation of the instrument, or the administration of the trust. An order of a proper court issued pursuant to such an application shall be full authority to act in accordance thereunder, and a trustee shall be fully protected from all claims of any person who has or who may subsequently acquire an interest in the trust property.

The Rule named Suzanne Delery Roth and Anne Marie Delery McWhorter, Michael's children, as defendants along with their mother, Michael's widow Sheryl Delery. The Rule sought instruction regarding whether Michael's interest as beneficiary in the Delery Trust that remained after his death should be paid to his widow or his children. The Rule also sought judgment regarding whether a promissory note Michael and Sheryl had executed in favor of Settlors was the property of the Delery Trust and, if so, whether remission of the promissory note was a prior distribution of Delery Trust assets that should be credited against amounts due to Sheryl Delery or Suzanne Delery Roth and Anne Marie Delery McWhorter.[4]

A hearing on the Rule was held on July 17, 2018. Plaintiffs argued that certain provisions of the Delery Trust Instrument directed that Michael F. Delery's interest as beneficiary in the Delery Trust should be paid to his children, while Sheryl Delery argued that certain other provisions authorized Michael F. Delery to leave his share in the Delery Trust to her. In a judgment executed on August 14, 2018, the trial court ruled that Michael F. Delery's interest as beneficiary in the Delery Trust should be paid to his surviving spouse and testamentary legatee, Sheryl Delery. The trial court also

---

[4] On July 6, 1990, Michael and Sheryl Delery executed a promissory note ("Note") in the amount of $93,160.46 in favor of Clare F. Delery and Edward J. Delery, Sr. in consideration of sums advanced on a loan. On April 15, 2012, Clare F. Delery forgave and/or remitted the Note.

3

found that the promissory note had not been the property of the Delery Trust and did not constitute a prior distribution of Delery Trust assets. James D. Delery then filed this appeal, challenging only that portion of the judgment ruling that Michael F. Delery's interest as beneficiary in the Delery Trust should be paid to Sheryl Delery, and assigned as error to the trial court's judgment:

1. The trial court misapplied the Louisiana Trust Code and employed incorrect principles of law when it erroneously found that Michael F. Delery's interest in the Delery Trust should be paid to Sheryl Nadine Bacle Delery.

2. The trial court failed to consider the clear language of the Delery Trust which specifies that a deceased beneficiary's interest in the Delery Trust devolves unto the children of the decedent beneficiary, and in trust.

## EXCEPTION OF NO RIGHT OF ACTION OR NON-JOINDER

Sheryl Delery filed a Peremptory Exception raising the Objection of No Right of Action or Non-Joinder with this Court. Sheryl Delery argues that the present appeal was filed by James D. Delery without the participation of the other two Co-Trustees, and therefore James D. Delery lacked authority to pursue this appeal. In response to Sheryl's Exception, the attorney who filed this appeal on behalf of James D. Delery, Ronald W. Morrison, Jr., filed an Opposition on behalf of Plaintiffs. In the Opposition, Plaintiffs asserted that James D. Delery had specific authorization to file this appeal on behalf of the Delery Trust. Plaintiffs further urged that to remove any doubt to the contrary, they sought to enroll Mr. Morrison as attorney of record with this Court on behalf of Kathleen Delery Baxter and Edward J. Delery, Jr. As our records reflect that this Court signed an order enrolling Mr. Morrison on behalf of Kathleen Delery Baxter and Edward J. Delery, Jr. on April 17, 2019, thus removing the basis for Sheryl Delery's Exception, the Exception of No Right of Action or Non-Joinder is denied.

## LAW AND ARGUMENTS

The facts of this case are undisputed and the issue on appeal is one of statutory interpretation. Therefore, we review this matter *de novo*, without deference to the legal conclusions of the trial court. **Turner v. Willis Knighton Medical Center**, 2012-0703 (La. 12/4/12), 108 So.3d 60, 62. The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its

4

application does not lead to absurd consequences, the law shall be applied as written. LSA-C.C. art. 9; LSA-R.S. 1:4; **In re Clegg**, 2010-0323 (La. 7/6/10), 41 So.3d 1141, 1154 (*per curiam*). Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed; the word "shall" is mandatory, and the word "may" is permissive. LSA-C.C.P. art. 5053. Further, laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13. All laws pertaining to the same subject matter must be interpreted *in pari materia*. **Acurio v. Acurio**, 2016-1395 (La. 5/3/17), 224 So.3d 935, 938.

Pursuant to LSA-R.S. 9:2252, trusts are governed by the laws in effect at the time of their creation. *Inter vivos* trusts are created upon execution of the trust instrument.[5] LSA-R.S. 9:1822. At the time the Delery Trust was executed, LSA-R.S. 9:1972 provided:

> Upon a principal beneficiary's death, his interest vests in his heirs or legatees, subject to the trust; provided, however, that the trust instrument may stipulate otherwise to the extent permitted by the following Sections of this Subpart and R.S. 9:1895.

Therefore, under the statute, the interest of a principal beneficiary who dies during the term of a trust vests in his heirs or legatees unless the settlor had provided otherwise in the instrument to the extent permitted by designated sections of the trust code. **Breazeale**, 2017 WL 3573991, at *2.[6] One of those sections is LSA-R.S. 9:1973. At the time the Delery Trust was executed, LSA-R.S. 9:1973 provided:

> A. The trust instrument may provide that the interest of either an original or a substitute principal beneficiary who dies intestate and without descendants during the term of the trust or at its termination vests in some other person or persons, each of whom shall be a substitute beneficiary.
>
> B. Except as to the legitime in trust, the trust instrument may provide that the interest of either an original or a substitute principal beneficiary who dies without descendants during the term of the trust or at its termination vests in some other person or persons, each of whom shall be a substitute beneficiary.

---

[5] Accordingly, all references in this opinion to provisions of the trust code are made to those provisions as they existed at the time the Trust was created in 1999. See **In re Breazeale**, 2016-1003 (La.App. 1 Cir. 8/18/17), 2017 WL 3573991, at *1 n.2 (*unpublished*), writ denied sub nom., **In re Robert P. Breazeale, Jr. Tr.**, 2017-1566 (La. 11/17/17), 230 So.3d 218.

[6] Louisiana Revised Statutes 9:1972 was amended by 2016 La. Acts, No. 544, § 1 (eff. Aug. 1, 2016). The 2016 Comment explains that the revision does not change the law, but encompasses minor semantic clarifications.

5

Under LSA-C.C. art. 13, we must interpret LSA-R.S. 9:1972 and LSA-R.S. 9:1973 in reference to each other. As noted above, LSA-R.S. 9:1972 provides the general rule that the interest of a principal beneficiary who dies during the term of a trust vests in his legatees, as provided for by the beneficiary himself in his testament, or in his heirs, as provided for by the laws governing intestacy if the beneficiary does not execute a testament. Louisiana Revised Statutes 9:1972 goes on to authorize exceptions to this general rule by stating that a trust instrument *may* stipulate otherwise *to the extent permitted* by the following sections, including LSA-R.S. 9:1973. As reflected above, LSA-R.S. 9:1973(A) permits a trust instrument to provide for substitute beneficiaries if the principal beneficiary dies intestate and without descendants, and LSA-R.S. 9:1973(B) permits a trust instrument to provide for substitute beneficiaries if the principal beneficiary dies without descendants, except for the legitime in trust. Thus, both paragraphs of LSA-R.S. 9:1973 permit a trust instrument to provide for substitute beneficiaries only if the principal beneficiary dies without descendants.

Moreover, the 1997 Comment (a) to LSA-R.S. 9:1978[7] addresses the parameters within which LSA-R.S. 9:1973 permits a trust instrument to stipulate that a principal beneficiary's interest in the trust vests according to the trust instrument, as opposed to vesting according to the beneficiary's testament or the laws of intestacy per the general rule set forth in LSA-R.S. 9:1972. Significantly, the Comment explicitly provides that the amendments to LSA-R.S. 9:1973 allow the settlor to name a substitute principal beneficiary *in the event the original principal beneficiary has no descendants.* The

---

[7] Louisiana Revised Statutes 9:1978 provides "[t]he trust instrument may provide that the substitute beneficiaries under R.S. 9:1973 are one or more of settlor's descendants who are in being and ascertainable on the date of death of the principal beneficiary." The 1997 Comment (a) to LSA-R.S. 9:1978 provides in full:

The Trust Code provides that as a general rule the interest of the principal beneficiary must be vested at the creation of the trust and must be heritable. La. R.S. 9:1971, 1972; Martin, Louisiana's Law of Trusts 25 Years After Adoption of the Trust Code, 50 La. L. Rev. 501, 512 (1990). The only exceptions prior to these amendments were the substitutions permitted by R.S. 9:1973, 1978, and 1895, and the survivorship condition permitted by Civil Code Article 1521(A)(2).

The amendments to R.S. 9:1895(A), 1973, and 1978 allow the settlor to name a substitute principal beneficiary in the event the original principal beneficiary has no descendants. Under previous law, the interest of a principal beneficiary with no descendants would go to the legatee under the principal beneficiary's will. Under the Sections as amended, the designation by the settlor of a substitute principal beneficiary will override the original principal beneficiary's will with respect to his interest in the trust if he has no descendants.

6

Comment then further states that the designation by the settlor of a substitute principal beneficiary will override the original principal beneficiary's will with respect to his interest in the trust *if he has no descendants.*

Collectively, LSA-R.S. 9:1973 and 1997 Comment (a) to LSA-R.S. 9:1978 state four different times that the exceptions to LSA-R.S. 9:1972 provided for by LSA-R.S. 9:1973 require that the principal beneficiary die without descendants. When considered together according to the rules of statutory interpretation, it is clear that LSA-R.S. 9:1972 and LSA-R.S. 9:1973 do not restrict a principal beneficiary from shifting his interest in a trust unless the beneficiary dies without descendants. Rather, LSA-R.S. 9:1972 and LSA-R.S. 9:1973 restrict a trust instrument – and thereby, a settlor – from shifting a principal beneficiary's interest in a trust to substitute beneficiaries unless the beneficiary dies without descendants.

This interpretation of LSA-R.S. 9:1972 and LSA-R.S. 9:1973 is supported by **Breazeale**, 2017 WL 3573991, and **Lewis v. Williams**, 622 So.2d 281, 282 (La.App. 1 Cir.), writ denied, 629 So.2d 1170 (La. 1993). The **Breazeale** Court clearly stated that LSA-R.S. 9:1973(A) provides, by operation of law, that a principal beneficiary must die "intestate and without descendants" as a "prerequisite" for the settlor's substitution of a principal beneficiary's interest in a trust.[8] **Breazeale**, 2017 WL 3573991 at *3. This Court was even more clear in **Lewis**, wherein this Court considered whether a trust instrument could allow the trust corpus to bypass the succession of the principal beneficiary, when the beneficiary died testate and with descendants. The **Lewis** Court held:

> A disposition authorized by the Trust Code may be made in trust although it would contain a prohibited substitution if it were made free of trust. La. R.S. 9:1723. The trust instrument may provide that the interest of either an original or a substitute principal beneficiary who dies intestate and without descendants during the term of the trust or at its termination vests in some other person or persons, each of whom shall be a substitute beneficiary. La. R.S. 9:1895 and 9:1973. The substitution is predicated in

---

[8] We note that Plaintiffs assert that **Breazeale** stands for the proposition that "a substitution of a beneficiary's interest in a trust must be conditioned on the deceased beneficiary dying without children" and that "a shifting interest in principal to a third party can only occur when the beneficiary dies without descendants." We disagree. **Breazeale** involves a beneficiary who predeceased the settlor, and died intestate and without descendants. It is therefore factually distinguishable from this matter, as Michael F. Delery died testate, after both settlors, and with descendants. Moreover, the legal analysis set forth in **Breazeale** supports the conclusion reached herein.

every instance on the requirement that the original or substitute principal beneficiary die intestate and without descendants.

In the instant case, the beneficiary died testate and with descendants. The language of the Trust Instrument does not overcome or circumvent the requirement of the Trust Code that the beneficiary die intestate and without descendents in order for substitutions to be valid. Therefore, the trial court correctly determined that the corpus of the trust is an asset of the estate of the decedent.

**Lewis**, 622 So.2d at 283.[9]

Having thoroughly considered the governing statutes and the jurisprudence, we find that the trial court's judgment directing that Michael F. Delery's interest in the Delery Trust be paid to his surviving spouse and testamentary legatee, Sheryl Delery, was correct. The principal beneficiary in the instant case, Michael F. Delery, died testate and with descendants. The record does not contain any suggestion that Michael F. Delery died with forced heirs. Thus, under LSA-R.S. 9:1973(A), any substitution provided for by the Delery Trust Instrument was necessarily predicated in every instance on the requirement that the original or substitute principal beneficiary die intestate and without descendants. See **Lewis**, 622 So.2d at 283. Michael F. Delery's interest in the Delery Trust therefore vests in his legatee, Sheryl Delery, pursuant to LSA-R.S. 9:1972. Plaintiffs' first assignment of error contending that the trial court misapplied the Louisiana Trust Code lacks merit. Further, the language of the Delery Trust Instrument cannot overcome or circumvent the requirement of the Trust Code that the beneficiary die intestate and without descendants in order for substitutions to be valid. *Id.* Thus, we pretermit consideration of Plaintiffs' second assignment of error regarding the interpretation of the language of the Delery Trust Instrument as unnecessary.

## CONCLUSION

For the above and foregoing reasons, the trial court's August 14, 2018 judgment is affirmed. Costs of the appeal are assessed against James D. Delery, Kathleen Delery Baxter, and Edward J. Delery, Jr.

**AFFIRMED.**

---

[9] We note that LSA-R.S. 9:1973 has been amended since **Lewis** was decided. However, as the language of LSA-R.S. 9:1973 considered in **Lewis** is identical to Paragraph A of LSA-R.S. 9:1973 as in effect at the time the Delery Trust was created, the analysis of same is applicable to the matter currently before us.

| KATHLEEN DELERY BAXTER, EDWARD J. DELERY, JR., AND JAMES D. DELERY | STATE OF LOUISIANA |
| --- | --- |
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| SUZANNE DELERY ROTH, ANNE MARIE DELERY MCWHORTER, AND SHERYL NADINE BACLE DELERY | NO. 2019 CA 0113 |



**HOLDRIDGE, J., dissenting.**

I respectfully dissent. The petitioners failed to prove that a valid trust was created. Therefore, there is nothing for the court to interpret and the case should be dismissed.