SUCCESSION OF
DEAN ALLEN BRADLEY

NO. 20-CA-308

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 769-667, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

March 31, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

**<u>REVERSED AND RENDERED</u>**
   **MEJ**
   **FHW**
   **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
VICKY LADNER AND THE SUCCESSION OF DEAN ALLEN BRADLEY
    Ryan S. McBride

COUNSEL FOR INTERVENOR/APPELLEE,
DONALD R. BRADLEY, JR., IN HIS CAPACITY AS TRUSTEE OF THE
DONALD R. BRADLEY, JR. TESTAMENTARY TRUST
    J. Geoffrey Ormsby

**JOHNSON, J.**

Appellant, Vicky Ann Ladner, appeals two summary judgments from the 24th Judicial District Court, Division "D," concerning a testamentary trust that dismissed her action, with prejudice, in favor of Appellee, Donald R. Bradley, Jr., in his capacity as a trustee of the Donald R. Bradley Testamentary Trust. For the following reasons, we reverse the summary judgment of the trial court and render summary judgment in favor of Vicky Ann Ladner.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2002, Donald R. Bradley, Sr. (hereinafter referred to as "Donald, Sr.") executed the "Will of Donald R. Bradley" (hereinafter referred to as "Donald, Sr.'s Will"). The will established two separate trusts, consisting of equal shares of his remaining estate for the principal benefit of his sons, Donald R. Bradley, Jr. (hereinafter referred to as "Donald, Jr.") and decedent, Dean Allen Bradley. Dean Bradley was the principal beneficiary of one of the trusts—the Dean Allen Bradley Testamentary Trust[1] (hereinafter referred to as "the Trust")—created in Donald, Sr.'s will. Donald, Jr. is the principal beneficiary of the other trust (hereinafter referred to as "Donald, Jr.'s trust") created in Donald, Sr.'s Will.

The provision of Donald, Sr.'s Will that created the two trusts included the following language:

> 5. Upon any termination of a trust, the principal of the trust and all accumulated income, and all investments and reinvestments thereof, shall be delivered by the trustee in full ownership and free of trust as follows:
>
> > (a) if the termination occurs during the beneficiary's life, then to the beneficiary; or
>
> > (b) if the principal beneficiary dies before termination of the trust, that beneficiary's interest vests in the heirs or legatees of the deceased beneficiary subject to this trust and, for a legitime interest, subject to the provision of La. R.S. § 9:1841. However, if the principal beneficiary dies without descendants, to the maximum extent permitted under Louisiana law, that

---

[1] The Trust is a presumed asset of the pending succession of Dean Bradley.

interest shall vest in the principal beneficiary's spouse, provided that the principal beneficiary is married at the time of his death and that no divorce proceedings are pending between the principal beneficiary and his spouse at the time of the principal beneficiary's death. If, at that time, the principal beneficiary has no spouse or divorce proceedings are pending, that interest shall best in the remaining trusts created herein *per stirpes*.

Many years later, on December 2, 2015, Dean executed his own last will and testament. In Dean's will, he declared the following legacy:

I declare that Vicky Ann Ladner is my universal legatee. I bequeath my entire estate, immovable and movable, real and personal, and trust property to Vicky Ann Ladner … as may be described in the Judgment of Possession of the Succession of Donald R. Bradley … If Vicky Ann Ladner predeceases me, my estate shall devolve under the rules of intestacy. Pursuant to La. Civ. Code art. 1521, I specifically provide that if Vicky Ann Ladner does not survive me by a period of ninety (90) days, then all of my property must devolve as if she had predeceased me.

On February 28, 2017, Dean passed away without being remarried or fathering any children.[2]

A petition to file and record notarial testament and for confirmation of independent testamentary executor was filed on March 6, 2017 for Dean's estate by Crawford A. Rose, III.[3] On April 21, 2017, Mr. Rose filed an *ex parte* motion for appointment of dative testamentary executor and appointment of another qualified person to the office. Ms. Ladner was appointed as the dative independent executor of Dean's succession, pursuant to Dean's last will and testament, on May 8, 2017, and Mr. Rose was relieved of his appointment.

On May 26, 2017, Donald, Jr. filed a petition for intervention. In his petition, Donald, Jr. alleged that his trust, Donald, Jr.'s trust, had a vested interest in the Trust because Dean died without descendants or a spouse. Ms. Ladner

---

[2] Dean's ex-wife, Melinda Elmer Bradley, filed a petition for intervention on November 2, 2017, alleging that Dean was the presumed father of her son, Michael Blanchard. Dean's will specifically disavowed Michael, and Dean filed a disavowal proceeding. Mrs. Bradley's intervention is not pertinent to the resolution of the instant appeal and will not be further addressed.

[3] Mr. Rose was originally the independent testamentary executor of Dean's succession.

answered Donald, Jr.'s petition as the dative independent executor for Dean's succession on September 7, 2017, asserting that Dean's will determined who inherited his portion of the Trust. In response, Donald, Jr., on behalf of Donald, Jr.'s trust, also filed a petition for partial possession on October 10, 2017, wherein he petitioned the court to vest Dean's beneficiary interest in the Trust to Donald, Jr.'s trust.

On August 9, 2019, Donald, Jr. filed a motion for partial summary judgment. In his motion, Donald, Jr. again alleged that Dean's beneficiary interest in the Trust reverted to Donald, Jr.'s trust because Dean died without descendants or a spouse. He argued that Ms. Ladner's contention that she was entitled to receive Dean's interest in the Trust because she was Dean's legatee was contrary to the language of Donald, Sr.'s Will. Donald, Jr. contended that the language of the Donald, Sr.'s Will clarified that the terms "heirs" and "legatees" were limited solely to the decedent's descendants and/or spouse, and any other interpretation of those terms would render the contingency provisions contained in paragraph 5(b) of the will superfluous and meaningless. Ms. Ladner filed her own motion for partial summary judgment on August 20, 2019, alleging the language of Donald, Sr.'s Will purposefully contained the terms "heirs" or "legatees" with the intention of providing the beneficiaries with an option to bequeath the beneficiary interest to a testate successor. Because Dean designated her as his universal legatee, Ms. Ladner contended that she should inherit Dean's beneficiary interest in the Trust, to the exclusion of all others.

The parties' cross-motions for partial summary judgment were heard on November 19, 2019. On March 11, 2020, the trial court rendered a written judgment that granted Donald, Jr.'s motion for partial summary judgment. The judgment decreed that Dean's beneficiary interest in the Trust reverted to Donald, Jr.'s trust. The judgment further denied Ms. Ladner's motion for partial summary

judgment and dismissed her claims with prejudice. In its reasons for judgment, the trial court found that the language of Donald, Sr.'s Will indicated the beneficiary interest in the Trust would devolve to Dean's heirs, specifically his children or spouse. Because Dean died without a spouse or children, the trial court held that Dean's beneficiary interest in the Trust must devolve to the other trust created in the will—Donald, Jr.'s trust. The instant appeal of Ms. Ladner followed.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Ladner alleges that the trial court erred: 1) by interpreting the language of Donald, Sr.'s Will in a manner contrary to the intention of the testator; 2) in ignoring the natural language of Donald, Sr.'s Will *in toto*; and 3) in interpreting the language of Donald, Sr.'s Will in a manner that rendered the testamentary language meaningless.

## LAW AND ANALYSIS

General Summary Judgment Law

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18); 254 So.3d 1254, 1257, citing *Batiste v. United Fire & Casualty Co.*, 17-485 (La. App. 5 Cir. 3/14/18); 241 So.3d 491, 496. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, quoting La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir.

5/31/17); 222 So.3d 975, 980, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15); 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id.* Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14); 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id.* Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.* Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id.*, citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00); 764 So.2d 37, 40.

Interpretation of Donald, Sr.'s Will[4]

Ms. Ladner alleges that the trial court legally erred in granting summary judgment in favor of Donald, Jr. She argues that the trial court erroneously interpreted the natural language of Donald, Sr.'s Will and the intention of Donald,

---

[4] All of Ms. Ladner's assignments of error are interrelated, mainly arguing that the trial court erred in its interpretation of the language of Donald, Sr.'s Will. As a result, we will address the assignments in one analysis.

Sr. She asserts that Donald, Sr.'s use of the word "legatees" in the will was not merely a synonym to the word "heirs" because those words have very different legal meanings; and, Donald, Sr.'s use of both terms meant that he clearly understood the difference between their meanings.

Ms. Ladner also argues that the language of Donald, Sr.'s Will provides for a substitute beneficiary designation, in the event Dean died intestate and without heirs. She avers that Donald, Sr. intended to make his beneficiaries' trust interests part of their own estates, whereby they would have the opportunity to leave the benefit to those interests to whom they deemed fit; and, Donald, Sr.'s intention to afford Dean the ability to leave his interest to his legatees is clearly stated in Donald, Sr.'s Will. She further avers that the phrase "however" and the language that followed do not negate Donald, Sr.'s clear intent.

Last, Ms. Ladner argues that courts must seek to give meaning to all testamentary language in a will and avoid any interpretation that would render the language meaningless or reduce it to surplusage. She asserts that ignoring the language "or legatees" renders the Donald, Sr.'s Will's language meaningless or reduces it to surplusage, and it retroactively deprives Dean of the right to designate Ms. Ladner as his universal legatee—a right that his father intended to bestow upon him.

Conversely, Donald, Jr. alleges the trial court correctly interpreted Donald, Sr.'s intent and properly granted summary judgment against Ms. Ladner. He contends the language in Donald, Sr.'s Will is unambiguous that the beneficiary interest in Dean's testamentary trust reverts to the Donald R. Bradley, Jr. Testamentary Trust, in the event Dean died without any descendants. He maintains that, notwithstanding Donald, Sr.'s Will's provision stating that heirs and legatees are first in line to inherit the trust property of a deceased principal beneficiary, the verbiage is immediately followed by unequivocal language

**JOHNSON, J.**

Appellant, Vicky Ann Ladner, appeals two summary judgments from the 24th Judicial District Court, Division "D," concerning a testamentary trust that dismissed her action, with prejudice, in favor of Appellee, Donald R. Bradley, Jr., in his capacity as a trustee of the Donald R. Bradley Testamentary Trust. For the following reasons, we reverse the summary judgment of the trial court and render summary judgment in favor of Vicky Ann Ladner.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2002, Donald R. Bradley, Sr. (hereinafter referred to as "Donald, Sr.") executed the "Will of Donald R. Bradley" (hereinafter referred to as "Donald, Sr.'s Will"). The will established two separate trusts, consisting of equal shares of his remaining estate for the principal benefit of his sons, Donald R. Bradley, Jr. (hereinafter referred to as "Donald, Jr.") and decedent, Dean Allen Bradley. Dean Bradley was the principal beneficiary of one of the trusts—the Dean Allen Bradley Testamentary Trust[1] (hereinafter referred to as "the Trust")—created in Donald, Sr.'s will. Donald, Jr. is the principal beneficiary of the other trust (hereinafter referred to as "Donald, Jr.'s trust") created in Donald, Sr.'s Will.

The provision of Donald, Sr.'s Will that created the two trusts included the following language:

> 5. Upon any termination of a trust, the principal of the trust and all accumulated income, and all investments and reinvestments thereof, shall be delivered by the trustee in full ownership and free of trust as follows:
>
> > (a) if the termination occurs during the beneficiary's life, then to the beneficiary; or
>
> > (b) if the principal beneficiary dies before termination of the trust, that beneficiary's interest vests in the heirs or legatees of the deceased beneficiary subject to this trust and, for a legitime interest, subject to the provision of La. R.S. § 9:1841. However, if the principal beneficiary dies without descendants, to the maximum extent permitted under Louisiana law, that

---

[1] The Trust is a presumed asset of the pending succession of Dean Bradley.

20-CA-308                                    1

interest shall vest in the principal beneficiary's spouse, provided that the principal beneficiary is married at the time of his death and that no divorce proceedings are pending between the principal beneficiary and his spouse at the time of the principal beneficiary's death. If, at that time, the principal beneficiary has no spouse or divorce proceedings are pending, that interest shall best in the remaining trusts created herein *per stirpes*.

Many years later, on December 2, 2015, Dean executed his own last will and testament. In Dean's will, he declared the following legacy:

I declare that Vicky Ann Ladner is my universal legatee. I bequeath my entire estate, immovable and movable, real and personal, and trust property to Vicky Ann Ladner … as may be described in the Judgment of Possession of the Succession of Donald R. Bradley … If Vicky Ann Ladner predeceases me, my estate shall devolve under the rules of intestacy. Pursuant to La. Civ. Code art. 1521, I specifically provide that if Vicky Ann Ladner does not survive me by a period of ninety (90) days, then all of my property must devolve as if she had predeceased me.

On February 28, 2017, Dean passed away without being remarried or fathering any children.[2]

A petition to file and record notarial testament and for confirmation of independent testamentary executor was filed on March 6, 2017 for Dean's estate by Crawford A. Rose, III.[3] On April 21, 2017, Mr. Rose filed an *ex parte* motion for appointment of dative testamentary executor and appointment of another qualified person to the office. Ms. Ladner was appointed as the dative independent executor of Dean's succession, pursuant to Dean's last will and testament, on May 8, 2017, and Mr. Rose was relieved of his appointment.

On May 26, 2017, Donald, Jr. filed a petition for intervention. In his petition, Donald, Jr. alleged that his trust, Donald, Jr.'s trust, had a vested interest in the Trust because Dean died without descendants or a spouse. Ms. Ladner

---

[2] Dean's ex-wife, Melinda Elmer Bradley, filed a petition for intervention on November 2, 2017, alleging that Dean was the presumed father of her son, Michael Blanchard. Dean's will specifically disavowed Michael, and Dean filed a disavowal proceeding. Mrs. Bradley's intervention is not pertinent to the resolution of the instant appeal and will not be further addressed.

[3] Mr. Rose was originally the independent testamentary executor of Dean's succession.

answered Donald, Jr.'s petition as the dative independent executor for Dean's succession on September 7, 2017, asserting that Dean's will determined who inherited his portion of the Trust. In response, Donald, Jr., on behalf of Donald, Jr.'s trust, also filed a petition for partial possession on October 10, 2017, wherein he petitioned the court to vest Dean's beneficiary interest in the Trust to Donald, Jr.'s trust.

On August 9, 2019, Donald, Jr. filed a motion for partial summary judgment. In his motion, Donald, Jr. again alleged that Dean's beneficiary interest in the Trust reverted to Donald, Jr.'s trust because Dean died without descendants or a spouse. He argued that Ms. Ladner's contention that she was entitled to receive Dean's interest in the Trust because she was Dean's legatee was contrary to the language of Donald, Sr.'s Will. Donald, Jr. contended that the language of the Donald, Sr.'s Will clarified that the terms "heirs" and "legatees" were limited solely to the decedent's descendants and/or spouse, and any other interpretation of those terms would render the contingency provisions contained in paragraph 5(b) of the will superfluous and meaningless. Ms. Ladner filed her own motion for partial summary judgment on August 20, 2019, alleging the language of Donald, Sr.'s Will purposefully contained the terms "heirs" or "legatees" with the intention of providing the beneficiaries with an option to bequeath the beneficiary interest to a testate successor. Because Dean designated her as his universal legatee, Ms. Ladner contended that she should inherit Dean's beneficiary interest in the Trust, to the exclusion of all others.

The parties' cross-motions for partial summary judgment were heard on November 19, 2019. On March 11, 2020, the trial court rendered a written judgment that granted Donald, Jr.'s motion for partial summary judgment. The judgment decreed that Dean's beneficiary interest in the Trust reverted to Donald, Jr.'s trust. The judgment further denied Ms. Ladner's motion for partial summary

judgment and dismissed her claims with prejudice.  In its reasons for judgment, the trial court found that the language of Donald, Sr.'s Will indicated the beneficiary interest in the Trust would devolve to Dean's heirs, specifically his children or spouse.  Because Dean died without a spouse or children, the trial court held that Dean's beneficiary interest in the Trust must devolve to the other trust created in the will—Donald, Jr.'s trust.  The instant appeal of Ms. Ladner followed.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Ladner alleges that the trial court erred: 1) by interpreting the language of Donald, Sr.'s Will in a manner contrary to the intention of the testator; 2) in ignoring the natural language of Donald, Sr.'s Will *in toto*; and 3) in interpreting the language of Donald, Sr.'s Will in a manner that rendered the testamentary language meaningless.

## LAW AND ANALYSIS

General Summary Judgment Law

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored.  La. C.C.P. art. 966(A)(2).  Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.  *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18); 254 So.3d 1254, 1257, citing *Batiste v. United Fire & Casualty Co.*, 17-485 (La. App. 5 Cir. 3/14/18); 241 So.3d 491, 496.  Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, quoting La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit.  *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir.

20-CA-308                                    4

5/31/17); 222 So.3d 975, 980, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15); 178 So.3d 603, 605.  An issue is genuine if it is such that reasonable persons could disagree.  If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue.  *Id.*  Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case.  *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14); 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1).  However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims.  *Id.*  Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.  *Id.*  If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law.  *Id.*  Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.  *Id.*, citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00); 764 So.2d 37, 40.

Interpretation of Donald, Sr.'s Will[4]

Ms. Ladner alleges that the trial court legally erred in granting summary judgment in favor of Donald, Jr.  She argues that the trial court erroneously interpreted the natural language of Donald, Sr.'s Will and the intention of Donald,

---

[4] All of Ms. Ladner's assignments of error are interrelated, mainly arguing that the trial court erred in its interpretation of the language of Donald, Sr.'s Will.  As a result, we will address the assignments in one analysis.

Sr. She asserts that Donald, Sr.'s use of the word "legatees" in the will was not merely a synonym to the word "heirs" because those words have very different legal meanings; and, Donald, Sr.'s use of both terms meant that he clearly understood the difference between their meanings.

Ms. Ladner also argues that the language of Donald, Sr.'s Will provides for a substitute beneficiary designation, in the event Dean died intestate and without heirs. She avers that Donald, Sr. intended to make his beneficiaries' trust interests part of their own estates, whereby they would have the opportunity to leave the benefit to those interests to whom they deemed fit; and, Donald, Sr.'s intention to afford Dean the ability to leave his interest to his legatees is clearly stated in Donald, Sr.'s Will. She further avers that the phrase "however" and the language that followed do not negate Donald, Sr.'s clear intent.

Last, Ms. Ladner argues that courts must seek to give meaning to all testamentary language in a will and avoid any interpretation that would render the language meaningless or reduce it to surplusage. She asserts that ignoring the language "or legatees" renders the Donald, Sr.'s Will's language meaningless or reduces it to surplusage, and it retroactively deprives Dean of the right to designate Ms. Ladner as his universal legatee—a right that his father intended to bestow upon him.

Conversely, Donald, Jr. alleges the trial court correctly interpreted Donald, Sr.'s intent and properly granted summary judgment against Ms. Ladner. He contends the language in Donald, Sr.'s Will is unambiguous that the beneficiary interest in Dean's testamentary trust reverts to the Donald R. Bradley, Jr. Testamentary Trust, in the event Dean died without any descendants. He maintains that, notwithstanding Donald, Sr.'s Will's provision stating that heirs and legatees are first in line to inherit the trust property of a deceased principal beneficiary, the verbiage is immediately followed by unequivocal language

mandating that the deceased principal beneficiary's interest shall vest in the beneficiary's spouse or in the remaining trust created in the will, in the event the beneficiary dies without descendants or a spouse. Donald, Jr. argues that, if "heirs and legatees" are to be interpreted as Ms. Ladner suggests there would have been no reason to include the contingency provisions in Donald, Sr.'s Will, and those provisions would be rendered wholly ineffective and superfluous.

Donald, Jr. further contends that the language of Donald, Sr.'s Will mirrors the Louisiana Trust Code. He contends that only if a legitime interest is affected does any shift of a principal beneficiary require the beneficiary to die both intestate and without descendants. He maintains that the trial court recognized the law's provision for the shifting of a principal beneficiary, and moreover, the will's use of the term "however" to carry out that substitution of the principal beneficiary. Because Dean died without descendants or a spouse, Donald, Jr.'s trust interest was then vested in the remaining trust created by Donald, Sr.'s Will—the Donald R. Bradley, Jr. Testamentary Trust.

According to La. R.S. 9:2252, trusts that are created and any provisions or dispositions therein shall be governed by the laws in effect at the time of their creation. A testamentary trust is created at the moment of the settlor's death. La. R.S. 9:1821. *Inter vivos* trusts are created upon execution of the trust instrument. La. R.S. 9:1822. However, a court presumes the settlor used the words in the trust according to their common, ordinary meaning, and that the settlor knew the applicable law at the time the trust was drafted. 90 C.J.S. *Trusts* § 208 (2021). The court will strive to reconcile, by reasonable interpretation, any provisions that apparently conflict before adopting a construction that would nullify any provision. *Id.* In this matter, although the Trust is a testamentary trust and was not created until Donald Sr.'s death, it was executed on April 19, 2002. Thus, in order to determine the proper beneficiary of the Trust's interest, we must look to the laws

that were in effect on April 19, 2002 and interpret them in conjunction with

Donald, Sr.'s Will.[5]

Pursuant to the version of La. R.S. 9:1972 in effect in 2002,[6] "[u]pon a

principal beneficiary's death, his interest vests in his heirs or legatees, subject to

the trust; provided, however, that the trust instrument may stipulate otherwise to

the extent permitted by the following Sections of this Subpart and R.S. 9:1895."

When setting forth the requirements for shifting interest in principal, La. R.S.

9:1973[7] provided,

> A. The trust instrument may provide that the interest of either an original or a substitute principal beneficiary *who dies intestate and without descendants* during the term of the trust or at its termination vests in some other person or persons, each of whom shall be substitute beneficiary.
>
> B. Except as to the legitime in trust, the trust instrument may provide that the interest of either an original or a substitute principal beneficiary who dies without descendants during the term of the trust or at its termination vests in some other person or persons, each of whom shall be substitute beneficiary.
>
> (Emphasis added).

In *Baxter v. Roth*, 19-113 (La. App. 1 Cir. 6/24/20); 307 So.3d 1047, the

Louisiana First Circuit thoroughly explained the shifting of the principal's interest

in the older versions of La. R.S. 9:1972 and 9:1973. The court concluded:

---

[5] Questions of law, such as the proper interpretation of a statute, are reviewed under the *de novo* standard of review. *City of Gretna v. Morice*, 14-301 (La. App. 5 Cir. 12/30/14); 167 So.3d 823, 827.

[6] La. R.S. 9:1972 was amended by Acts 2016, No. 544, § 1, which became effective on August 1, 2016.

[7] La. R.S. 9:1973 was amended by Acts 2010, No. 390, § 1 and Acts 2016, No. 544, § 1. The statute currently provides:

> A. (1) Except as to the legitime in trust, the trust instrument may provide that the interest of an original or a substitute principal beneficiary of an irrevocable trust vests in one or more of his descendants upon the death of the beneficiary either during the term of the trust or at its termination. The trust instrument may provide that the interest vests in another person if the beneficiary dies without descendants.
>
> (2) With respect to the legitime in trust, the trust instrument may provide that the interest of an original or a substitute principal beneficiary vests in another person upon the death of the beneficiary either during the term of the trust or at its termination, only if a beneficiary dies intestate and without descendants.
>
> B. The trust instrument may provide that the interest of a designated principal beneficiary of a revocable trust shifts to another person, if the substitution occurs no later than the date when the trust becomes irrevocable.

Collectively, LSA-R.S. 1973 and 1997 Comment (a) to LSA-R.S. 9:1978 state four different times that the exceptions to LSA-R.S. 9:1972 provided for by LSA-R.S. 9:1973 require that the principal beneficiary die without descendants. When considered together according to the rules of statutory interpretation, it is clear that LSA-R.S. 9:1972 and LSA-R.S. 9:1973 do not restrict a principal beneficiary from shifting his interest in a trust unless the beneficiary dies without descendants. Rather, LSA-R.S. 9:1972 and LSA-R.S. 9:1973 restrict a trust instrument – and thereby a settlor – from shifting a principal beneficiary's interest in a trust to substitute beneficiaries unless the beneficiary dies without descendants.

This interpretation of LSA-R.S. 9:1972 and LSA-R.S. 9:1973 is supported by **Breazeale**, 2017 WL 3573991, and **Lewis v. Williams**, 622 So.2d 281, 282 (La.App. 1 Cir. [1993]), <u>writ denied</u>, 629 So.2d 1170 (La. 1993). The **Breazeale** Court clearly stated that LSA-R.S. 9:1973(A) provides, by operation of law, that a principal beneficiary must die "intestate and without descendants" as a "prerequisite" for the settlor's substitution of a principal beneficiary's interest in a trust. This Court was even more clear in **Lewis**, wherein this Court considered whether a trust instrument could allow the trust corpus to bypass the succession of the principal beneficiary, when the beneficiary died testate and with descendants. The **Lewis** Court held…[t]he language of the Trust Instrument does not overcome or circumvent the requirement of the Trust Code that the beneficiary die intestate and without descendants in order for substitutions to be valid.

(Internal citations omitted).

In the case at bar, Dean, the principal beneficiary of the Trust, died without any descendants. However, Dean died testate. In his last will and testament, Dean bequeathed his entire estate and trust property to Ms. Ladner. Thus, under La. R.S. 9:1973(A), any substitution provided for by the Trust was necessarily predicated in every instance on the requirement that the original or substitute principal beneficiary die intestate and without descendants. Because Dean died testate, we find that his interest in the Trust vests in his legatee, Ms. Ladner. Furthermore, we find the language of Donald, Sr.'s Will cannot overcome or circumvent the requirement of the Trust Code that the beneficiary die intestate and without descendants in order for substitutions to be valid. *See*, *Baxter*, *supra*. Therefore, we pretermit consideration of the parties' arguments regarding interpretation of the language of Donald, Sr.'s Will as unnecessary.

## DECREE

For the foregoing reasons, we reverse the summary judgment rendered by the trial court in favor of Donald R. Bradley, Jr., in his capacity as a trustee of the Donald R. Bradley Testamentary Trust. Furthermore, we find that Dean Bradley's principal beneficiary interest in the Donald R. Bradley Testamentary Trust vests in his legatee, Vicky Ann Ladner; render summary judgment in favor of Vicky Ann Ladner; and, dismiss the intervening action of Donald R. Bradley, Jr., in his capacity as a trustee of the Donald R. Bradley Testamentary Trust, with prejudice. Donald R. Bradley, Jr., in his capacity as a trustee of the Donald R. Bradley Testamentary Trust, is assessed the costs of this appeal.

**<u>REVERSED AND RENDERED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 31, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-308

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
RYAN S. MCBRIDE (APPELLANT)        J. GEOFFREY ORMSBY (APPELLEE)        RANDALL A. SMITH (APPELLEE)

**MAILED**
DAVID A. SILVERSTEIN (APPELLEE)        BARBARA BEARD BRADLEY        MELINDA ELMER BRADLEY
ATTORNEY AT LAW                         (APPELLEE)                    BLANCHARD (APPELLEE)
2901 NORTH CAUSEWAY BOULEVARD           3013 ROMAN STREET            708 CARNATION AVENUE
SUITE 307                               METAIRIE, LA 70001           METAIRIE, LA 70001
METAIRIE, LA 70002